IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARILYN D. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:22-CV-1982-C (BH) |
| ) | |
| IBIDUNNI UKEGBU, et al., ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's sole federal claim should be **DISMISSED** with prejudice for failure to state a claim, and her remaining state law claims should be **DISMISSED** without prejudice to pursuing them in state court.

**I. BACKGROUND**

Marilyn D. Smith (Plaintiff ) sues a private physician who she "presumes" is a resident of the State of Texas, Ibidunni Ukegbu (Defendant), for "Medical Indifference, Medical Malpractice, Medical Insurance Fraud", intentional infliction of psychological mental and emotional pain and suffering, fraud, and negligence.[2] (*See* doc. 3 at 2; doc. 8 at 2, 8-13.)[3] She also sues Defendant under 42 U.S.C. § 1983 for violation of her constitutional rights to be free from cruel and unusual punishment without due process under the First, Fourth, Eighth and Fourteenth Amendments, contending that Defendant is a state actor because she has a medical license issued by the State of

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Although Plaintiff initially also listed slander and libel as causes of action, she subsequently clarified in her answers to a magistrate judge's questionnaire that she is not asserting those causes of action at this time. (*Compare* doc. 3 at 2 with doc. 8 at 11.)

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Texas. (*See* doc. 8 at 13-14.) Plaintiff claims that she has yet to be actually examined by Defendant despite numerous appointments for which her insurance has been billed and paid, that she was instead only seen by Defendant's nurse, that she was misdiagnosed, and that neither Defendant nor the nurse would fill out disability paperwork for her. (*See* doc. 3 at 4-5, 7; doc. 8 at 3-5, 8-11, 15-17.) She seeks monetary damages in excess of $20,000,000.00. (*Id.* at 7; doc. 8 at 15-17.)

## II. PRELIMINARY SCREENING

Because she is proceeding *in forma pauperis*, Plaintiff's complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2)(B). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if it is found to be frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The analysis for determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is the same one employed under Fed. R. Civ. P. 12(b)(6). *See Fierro v. Knight Transp.*, No. EP-12-CV-218-DCG, 2012 WL 4321304, at *7 (W.D. Tex. Sept. 18, 2011), slip copy, (citing *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam) (applying the same standard of review applicable to dismissals under Rule 12(b)(6) for screening dismissals under § 1915(e)(2)(B)(ii)); *Holt v. Imam*, No. C-07-406, 2008 WL 1782351, at *2 (S.D. Tex. Apr. 17, 2008) (citing *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (noting that § 1915A(b)(1), § 1915(e)(2)(B)(ii), and Rule 12(b)(6) all employ the same language—"failure to state a claim upon which relief may be granted"). Under Rule 12(b)(6), a court cannot look beyond the face of the

pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). "[P]leadings" for purposes of a motion to dismiss include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if its strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555*; accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.*; *accord Iqbal*, 556 U.S. at 678.

### III. SECTION 1983

Plaintiff specifically sues Defendant under 42 U.S.C. § 1983. It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been

3

deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Here, in none of her filings[4] does Plaintiff allege any facts to support her claim that Defendant is a state actor. She relies solely on the fact that Defendant has a medical license from the State of Texas. The United States Court of Appeals for the Fifth Circuit has specifically stated that "[t]he existence of state regulation..., however, do[es] not necessarily create state action" for purposes of § 1983. *See Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1349 (5th Cir.1985) (holding that a private nursing home licensed and investigated by the state was not a state actor for purposes of a §1983 claim); *see also Marts v. Times Picayune Publishing Co.*, 47 F.3d 423 (5th Cir. 1995) ("A private entity does not become a state actor because it holds a license granted by the state.") (citing *Gipson v. Rosenberg*, 797 F.2d 224, 225 (5th Cir.1986), *cert. denied*, 481 U.S. 1007 (1987)). A doctor is not a state actor simply because he or she has been licensed to practice medicine by the State of Texas. *See Hollice v. Beaumont Baptist Behavioral Health Center*, No. 1:21-CV-195, 2021 WL 4271815, at *2–3 (E.D. Tex. Aug. 25, 2021) (rejecting claim that a licensed Texas physician who participated in an involuntary commitment proceeding was a state actor simply because he had a Texas state medical license) (citing *Bass v. Parkwood Hosp.*, 180 F.3d 234, 243 (5th Cir. 1999) (collecting cases)), *rec. adopted*, 2021 WL 4263059 (E.D. Tex. Sep. 17, 2021); *Mitchell v. Clinkscales*, No. 1:06-CV-682, 2007 WL 128952, at *1–2 (E.D. Tex. Jan. 16, 2007)("The fact that the state of Texas licenses and regulates dentists does not automatically expose licensed dentists to section 1983 liability."). Plaintiff's conclusory statement that Defendant is a state actor

---

[4] Plaintiff's answers to a magistrate judge's questionnaire constitute an amendment to her complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

simply because she has a state medical license is insufficient to show state action or otherwise state a plausible § 1983 claim upon which relief may be granted. Her § 1983 claim should be dismissed with prejudice for failure to state a claim.

## IV. STATE LAW CLAIMS

Plaintiff also asserts several causes of action against Defendant that arise under state law.

Under 28 U.S.C. § 1367(a), federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In essence, § 1367(a) grants courts the "power to hear a state law claim under pendent or supplemental jurisdiction if (1) the federal issues are substantial, even if subsequently decided adverse to the party claiming it; and (2) the state and federal claims derive from a common nucleus of operative fact." *McKee v. Texas Star Salon, LLC*, No. CIV.A.3:06-CV-879BH, 2007 WL 2381246, at *4 (N.D. Tex. Aug. 21, 2007) (citations omitted); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000).

When all federal claims are dismissed prior to trial, the general rule in this circuit is to decline exercising jurisdiction over the remaining state law claims. *LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986); *see also* 28 U.S.C. § 1367(c)(3).[5] This rule is

---

[5] Under 1367(c), a court may decline to exercise supplemental jurisdiction over a state claim if:

>  (1) the claim raises a novel or complex issue of law,
>
>  (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>  (3) the district court has dismissed all claims over which it has original jurisdiction, or

5

"neither mandatory nor absolute." *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (citation omitted). Rather, district courts are given wide discretion in deciding whether to exercise jurisdiction under such circumstances. *See Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000); *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993); *see also United Mine Workers*, 383 U.S. at 726 ("[P]endent jurisdiction is a doctrine of discretion, not of [a] plaintiffs right."). In exercising this discretion, courts should consider issues of judicial economy, convenience, and fairness to the litigants. *LaPorte Constr. Co.*, 805 F.2d at 1257. However, "no single factor is dispositive." *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008).

Here, because Plaintiff's sole federal claim is subject to dismissal for failure to state a claim, and determination of the claim did not require consideration of the state law claims, the Court should decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be dismissed without prejudice to pursuing them in state court. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Sibley v. Lemaire*, 184 F.3d 481, 490 (5th Cir.1999) (affirming the district court's decision not to hold a jury trial on the state negligence claim after it granted summary judgment on the § 1983 claims).

## V. RECOMMENDATION

The plaintiff's federal law claim against the defendant should be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(b). The Court should decline to exercise supplemental jurisdiction over her remaining state law claims, and they should be **DISMISSED** without prejudice to pursuing them in state court.

---

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1376(c).

**SO ORDERED this 28th day of September, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE